IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KATHERINE L. SCHLUTERMAN                                                     PLAINTIFF

vs.                               Civil No. 2:16-cv-02190

NANCY A. BERRYHILL                                                             DEFENDANT
Acting Commissioner, Social Security Administration

**<u>MEMORANDUM OPINION</u>**

Katherine L. Schluterman ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **<u>Background</u>:**

Plaintiff protectively filed her disability application on February 12, 2014. (Tr. 11). In her application, Plaintiff alleges being disabled due to depression, anxiety disorder, bipolar disorder, bulging disc in her back, arthritis in her left shoulder, bilateral arthritis in her wrists, and bilateral arthritis in her hips (left worse than right), and obesity. (Tr. 188). Plaintiff alleges an onset date of

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

1

October 5, 2012. (Tr. 11). This application was denied initially and again upon reconsideration. (Tr. 59-75).

Thereafter, Plaintiff requested an administrative hearing on her denied application. (Tr. 99-100). The ALJ granted that request and held an administrative hearing on June 17, 2015 in Fort Smith, Arkansas. (Tr. 25-57). At this hearing, Plaintiff was present and was represented by Fred Caddell. *Id.* Plaintiff and Vocational Expert ("VE") Deborah Steele testified at this hearing. *Id.* At this hearing, Plaintiff testified she was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 30). As for her level of education, Plaintiff testified she completed the twelfth grade in high school. *Id.*

After this hearing, on July 16, 2015, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 8-20). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 5, 2012, her alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: hypertension; osteoarthritis of the left hip, shoulders, and wrists; chronic lower back pain; spondylolisthesis at L5-S1; and obesity. (Tr. 13-15, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-15, Finding 3).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 15-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC

2

to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), which consists of lifting and carrying up to 20 pounds occasionally and 10 pounds frequently. She is limited to work which involves simple tasks and simple instructions. She should have only incidental contact with the general public.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform her PRW. (Tr. 18-19, Finding 6). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 19-20, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform occupations such as the following: (1) air purifier servicer (light) with 1,150 such jobs in the region and 139,760 such jobs in the nation; (2) housekeeper or cleaner (light) with 3,270 such jobs in the region and 391,650 such jobs in the nation; and (3) apparel stock checker (light) with 150 such jobs in the region and 14,500 such jobs in the nation. (Tr. 19-20, Finding 10). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from October 5, 2012 (alleged onset date) through July 16, 2015 (ALJ's decision date). (Tr. 20, Finding 11).

Thereafter, Plaintiff requested a review by the Appeals Council. (Tr. 5). On July 1, 2016, the Appeals Council denied this request. (Tr. 1-3). On August 4, 2016, Plaintiff filed the present appeal with the Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 5, 2016. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 13, 16. This case is now ripe

for determination.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (1) the ALJ erred in assessing her credibility; and (2) the ALJ erred in assessing her RFC. ECF No. 13 at 1-20. Upon review, the Court agrees with Plaintiff's first argument and finds the ALJ improperly evaluated her subjective complaints. Accordingly, the Court will only address this argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.² *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

² Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead of complying with *Polaski* and considering the *Polaski* factors, the ALJ only focused on Plaintiff's medical records. (Tr. 15-18). Indeed, although the ALJ recited he had evaluated Plaintiff's subjective allegations in accordance with *Polaski*, the ALJ truly only discounted Plaintiff's subjective complaints because they were not supported by her medical records:

> Based on the entire record, including the testimony of the claimant, the undersigned concludes that the evidence fails to support the claimant's assertions of total disability. Despite the evidence demonstrating that the claimant has suffered from a medically determinable "severe" impairment, the evidence also establishes that the claimant retains the capacity to function adequately to perform many basic activities associated with work. *In sum, the above residual functional capacity assessment is supported by the objective medical evidence contained in the record. Treatment notes in the record do not sustain the claimant's allegations of disabling pain and limitations. The claimant does experience some levels of pain and limitations but only to the extent described in the residual functional capacity above.*

(Tr. 18) (emphasis added).

Indeed, although the ALJ also referenced Plaintiff's daily activities, those activities only included being able "to perform personal care, do laundry and dishes, perform household chores a little at a time, drive a car, go out alone, shop in stores, handle her finances, attend her daughter's ballgames, get along well with others, and perform hobbies such as reading and watching television." (Tr.18). These activities are certainly not extensive.

Furthermore, in her function report, Plaintiff also stated she needed someone to accompany her when she goes out (Tr. 183), only shops every "2-3 months" for "10-15 minutes" (Tr. 182), and

can drive but not on the interstate (Tr. 180). These activities are simply not sufficient to discount Plaintiff's subjective complaints. Notably, based upon the Court's review of the ALJ's opinion and as recognized above, it appears her subjective complaints were entirely discounted because they were not consistent with her medical records.

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints without a sufficient basis was improper under *Polaski*. See *Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3] A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of June 2017.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.